UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TIEN SIN JIANG, | ) | CASE NO.   C06-0027-TSZ-MAT |
| | ) | (CR95-732-TSZ) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner Tien Jiang is a federal prisoner serving a 262-month sentence for kidnapping and related charges. Petitioner has filed, through counsel, a petition pursuant to 28 U.S.C. § 2255, attacking his conviction. Respondent has filed a response and petitioner has filed a reply. After reviewing the submissions of the parties and the balance of the record, the court concludes, as set forth in more detail below, that the petition should be denied.

## BACKGROUND

The Ninth Circuit Court of Appeals summarized the facts leading to petitioner's conviction as follows:

REPORT AND RECOMMENDATION
PAGE -1

This case involves the kidnapping of three illegal Chinese immigrants. Appellants, also illegal Chinese immigrants, held the victims captive in a rented house in the Seattle area for nine days until the FBI intervened and rescued the victims. The kidnapping began on August 24, 1995, when two males and a female were lured to a rented home where they were held captive by all four appellants and two additional (now fugitive) coconspirators. The victims were nationals of the People's Republic of China (PRC) who upon arriving in the United States had been detained by INS authorities and placed in Tacoma area foster homes. Upon arrival at the rented house, the victims were restrained, stripped, and bound with duct tape

Over the next nine days appellants initiated calls to the families of the victims, demanding ransom money in exchange for the victims' lives. During this time the victims were subjected to brutal assaults in addition to threats of death, torture, and mutilation. The female victim was raped by one of the coconspirators, who is now a fugitive. On September 2, 1995, FBI agents came and rescued the victims. The two male victims had been scheduled to be killed that evening. Li Lin, Fei Lin, Shun Hu, and Jiang were tried together. All but Jiang testified. Li Lin, Fei Lin, and Shun Hu testified that they themselves were victims who had been abducted and beaten, and forced by smugglers known as "Snakeheads" to beg their families for ransom. When they were unable to pay the ransom, the Snakeheads coerced them into participating in holding the three victims under threat of murder to themselves and their families if they failed to do so.

The jury returned guilty verdicts for Jiang, Li Lin, Fei Lin, and Hu on all counts of the indictment. The district court sentenced Li Lin, Fei Lin, and Hu to 360 months of imprisonment each and Jiang to 262 months imprisonment. Each appellant filed a timely notice of appeal.

*United States v. Fei Lin*, 139 F.3d 1303, 1305 (9th Cir. 1998).

## PROCEDURAL HISTORY

Petitioner appealed his conviction and sentence to the Ninth Circuit. The Ninth Circuit affirmed the conviction and sentence in a decision that was published in part. *United States v. Fei Lin*, 139 F.3d 1303 (9th Cir. 1998); 141 F.3d 1180 (Memorandum Disposition issued March 30, 1998). Petitioner filed a petition for *certiorari* with the Supreme Court; the Court denied the petition on October 5, 1998.

Petitioner's counsel filed the instant petition under 28 U.S.C. § 2255 on January 6, 2006.

REPORT AND RECOMMENDATION
PAGE -2

(Doc. #1). Respondent filed its response on January 31, 2006. (Doc. #6). Petitioner filed his reply on February 21, 2006. (Doc. #8). The court directed petitioner to cure a procedural defect in the petition and petitioner did so on March 24, 2006. (Doc. #10). The petition is now ready for review.

## GROUNDS FOR RELIEF

Petitioner raises three grounds for relief in his petition:

    1.    The court lacked jurisdiction because there was a genuine issue of fact as to [petitioner's] age and there was no proof that [he] had attained [his] 18th birthday at the time of the offenses.

    2.    The court applied sentencing enhancements pursuant to the mandatory sentencing guideline system without jury findings and without using the standard of proof of beyond a reasonable doubt.

    3.    The court sentenced [petitioner] to 262 months where the maximum sentence pursuant to the Federal Juvenile Delinquency Act if [he] were 17 at the time of the offense is 5 years.

(Doc. #1 at 4).

The court will address each of these claims in turn.

## DISCUSSION

### 1. Petitioner's Claim that the District Court Lacked Jurisdiction.

Petitioner first contends that the trial court lacked jurisdiction over him because there was no conclusive proof that he was 18 years of age or older when he committed the offense. During sentencing, the district court stated: "Well, for purposes of your client I find that we don't know what his birth date is. There are numerous dates that were used by him or in processing him after he was captured. And the Court has held an extensive hearing on that issue pretrial to determine whether or not he should be tried as a juvenile or considered to be tried. I made a finding that [he]

REPORT AND RECOMMENDATION
PAGE -3

had not met your burden of proof. I found that [he] had the burden of proof. And I make no finding with respect to his birth date other than to find that he's used several dates and we don't know what his true birth date is." (Doc. #1, Ex. C at 2442).

Petitioner argues that without conclusive proof of his birth date, the district court lacked jurisdiction to try him under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042. (Doc. #1, Memorandum at 5). Petitioner further argues that if he were 17 at the time of the offenses, the maximum sentence he could have received would have been 60 months, instead of the 262-month sentence he received. (Doc. #8 at 2, *citing* 18 U.S.C. § 5037(c)(2)(14)). Petitioner requests an evidentiary hearing to enable him to present evidence regarding his age. (Doc. #8 at 2).

Respondent argues that petitioner's jurisdictional argument is foreclosed by the fact that he raised this claim in his direct appeal and the Ninth Circuit rejected it. *See United States v. Fei*, 141 F.3d 1180, Unpublished Memorandum Disposition (9th Cir. 1998). The Ninth Circuit reviewed the claim as follows:

> The district court held a hearing on the matter during which the government presented evidence showing that Jiang had an extensive history of providing authorities with dates of birth that showed him to be just under eighteen at the time of apprehension. This evidence, coupled with Jiang's failure to provide the court with credible or reliable evidence of his age, resulted in the district court's conclusion that Jiang could be tried as an adult. The district court properly denied Jiang's motion to dismiss for lack of jurisdiction. *See United States v. Frasquillo-Zamosa,* 626 F.2d 99, 101 (9th Cir. 1980) (noting that the age of the accused, particularly where the accused is an alien, is a fact which may be peculiarly within the knowledge of the accused and not susceptible to independent proof).

(*Id.* at *1-2).

Petitioner attempts to challenge the above ruling by the Ninth Circuit by contending that

REPORT AND RECOMMENDATION
PAGE -4

the case upon which the Ninth Circuit relied, *Frasquillo-Zamosa*, has been undermined by a more recent decision. (Doc. #8 at 3, *citing United States v. Ceja-Prado*, 333 F.3d 1046 (9th Cir. 2003)). The court notes initially that petitioner raised this argument for the first time in his reply brief, which precluded respondent from being able to address it. (Doc. #8 at 3). The court could reject petitioner's argument purely on the ground that claims raised for the first time in a reply brief will not be considered. *See United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986).

However, even if the argument had been properly raised in the petition, petitioner is precluded from relitigating this claim via a collateral attack under § 2255. "[C]laims will ordinarily not be entertained under § 2255 that have already been rejected on direct review." *Reed v. Farley*, 512 U.S. 339, 358 (1994). In order to overcome the relitigation bar, a petitioner must show either manifest injustice or a change in the law that applies retroactively. *See Polizzi v. United States,* 550 F.2d 1133, 1135 (9th Cir. 1976); 28 U.S.C. §2255(3). Petitioner fails to show either manifest injustice or that the new rule allegedly announced in *Ceja-Prado* applies retroactively. Accordingly, petitioner's first ground for relief should be denied.

2. Petitioner's Claim that the District Court Improperly Enhanced His Sentence.

Petitioner next argues that the district court unconstitutionally applied sentencing enhancements to petitioner's sentence, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court decision that invalidated the mandatory nature of the federal sentencing guidelines. (Doc. #1, Memorandum at 4). Petitioner, however, does not specify any particular enhancement that the district court improperly applied; rather it appears that petitioner's claim is actually that the district court was *precluded* by the sentencing guidelines from considering a factor – petitioner's youth – which could have resulted in a lesser sentence. (Doc.

#1 at 6).

Respondent counters that petitioner's argument is barred by the non-retroactivity of *Booker*. Respondent cites the Ninth Circuit decision of *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), for the proposition that claims based upon *Booker* may not be brought via a § 2255 petition.

Petitioner attempts to distinguish *Cruz* by arguing that *Booker* rested upon two distinct provisions of the Constitution – the Sixth Amendment right to trial by jury and the Fifth Amendment right to due process – and that *Cruz* addressed only the Sixth Amendment prong of *Booker*. Petitioner thus advances the novel argument that the Fifth Amendment portion of *Booker* applies retroactively, while conceding that the Sixth Amendment portion does not. (Doc. #8 at 7).

Petitioner's argument has several flaws. First and foremost, petitioner cites no binding authority for the proposition that the Fifth Amendment component of *Booker* applies retroactively. Under § 2255(3), claims such as petitioner's that are based upon new rights must be made retroactive by the Supreme Court. The only authority cited by petitioner is a law review article, which appears not to have been adopted by *any* court, let alone the Supreme Court.

Second, petitioner's contention that the district court would have imposed a lesser sentence had the court been free to consider petitioner's age seems entirely speculative. Petitioner cites nothing in the record that indicates that the court would have been inclined to lower his sentence based upon petitioner's age. Indeed, a review of the transcript provided by petitioner reveals that while the district court found petitioner to be the "least culpable" of the defendants, and awarded him a two-point reduction on that basis, the court resisted counsel's efforts to further

REPORT AND RECOMMENDATION
PAGE -6

reduce petitioner's sentence. (Doc. #1, Ex. C at 2481-87). For these reasons, petitioner's second ground for relief should be denied.

### 3. Petitioner's Claim that the District Court Improperly Sentenced Petitioner.

Petitioner's final claim is unclear. The claim as it appears in the petition is quoted in the section of this Report and Recommendation entitled "Grounds for Relief." *Supra* at 3. Petitioner asserts that the district court, when it sentenced petitioner, did not know his precise age at the time of the offense, but knew petitioner to be either 17 or 18 years old. (Doc. #1 at 4). Petitioner implies that because the court was unsure of his age, it was precluded from imposing a sentence greater than the 5-year maximum Congress has prescribed for juveniles. *See* 18 U.S.C. § 5037(c)(2)(A). Petitioner's final claim thus appears to be a variant of his first claim, that the district court lacked jurisdiction because it did not conclusively find that he was 18 at the time of the offense.[1]

As support for this argument, petitioner relies upon *Booker* and another Supreme Court case, *Roper v. Simmons*, 543 U.S. 551 (2005), which held that the Eighth Amendment bars the execution of persons who were juveniles at the time of the offense. (Doc. #8 at 6-7). However, petitioner's reliance is misplaced. *Booker* does not apply retroactively, as discussed earlier, and *Roper* does not address the present situation of uncertainty regarding an offender's age. The offender in *Roper* was undisputably 17 at the time of the offense. *See* 543 U.S. at 555. Therefore, neither of these two cases support petitioner's argument. Because petitioner cites no other

---

[1] The court's review of petitioner's third claim is hampered by the lack of headings in petitioner's briefs. For example, within the "Discussion" section of petitioner's briefs, there is nothing to delineate petitioner's three distinct claims, and as a result, it is unclear what part of the discussion applies to which claim. *See generally*, Anne Enquist and Laurel Currie Oates, *Just Writing* 23 (Aspen 2001) ("[H]eadings are invaluable to readers.").

authority, his third and final claim lacks support and should be denied.

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's petition pursuant to 28 U.S.C. § 2255 be denied with respect to each of petitioner's claims. Because the record conclusively establishes that petitioner is not entitled to relief, an evidentiary hearing is not required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A proposed Order accompanies this Report and Recommendation.

DATED this  24th  day of March, 2006.

Mary Alice Theiler
United States Magistrate Judge